RECEIVED
OCT - 3 2007
ROBERT ... ELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| W. THOMAS ANGERS, INDIVIDUALLY, AND ON BEHALF OF THE MINOR, AUSTEN JOHN ANGERS | CIVIL ACTION NO. 07-0949 |
| VERSUS | JUDGE DOHERTY |
| LAFAYETTE CONSOLIDATED GOVERNMENT AND THE ROICY DUHON ANIMAL SHELTER | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a motion to dismiss [Doc. 5] filed by defendants Lafayette Consolidated Government and Roicy Duhon Animal Shelter ("RDAS"), wherein the defendants seek dismissal of plaintiffs' claims against the defendants on the following grounds: (1) a motion to abstain, stay, or dismiss this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and under the authority of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); (2) a motion to dismiss RDAS pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that RDAS is not a juridical entity capable of being sued;[1] and (3) a motion to dismiss plaintiffs' claims against both defendants pursuant to Rule

---

[1] Defendants bring this portion of their motion pursuant to Rule 12(b)(6). This Court notes that although Rule 12(b) does not specifically authorize a motion to dismiss based on lack of capacity to be sued:

> Federal courts...traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes, ...such as motions raising...a lack of capacity to sue or be sued. ...
>
> The courts have not attempted to justify allowing the capacity defense to be raised by a Rule 12(b) motion and apparently pay no attention to the directive in the second sentence in Rule 9(a) that a party who wishes to raise an issue of capacity "shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

12(b)(6) on grounds that plaintiffs fail to properly state a claim for relief under 42 U.S.C. § 1983. For the following reasons, the motion is GRANTED IN PART, and this case is STAYED AND ADMINISTRATIVELY CLOSED pending resolution of the pending parallel state court matter.

## I. Procedural History and Factual Background

Plaintiffs filed the instant lawsuit on June 5, 2007 against the Lafayette Consolidated Government and RDAS, seeking damages under Louisiana law and 42 U.S.C. §1983 based on the alleged improper euthanization of their pet cat, Mimi, by Lafayette Animal Control employees. Plaintiffs' state law claims include claims for wrongful conversion, misappropriation, violation of duties of bailment, and breach of duty of care.

On June 4, 2007, just one day before they filed the instant lawsuit in this court, plaintiffs filed an identical parallel state court lawsuit against the same defendants, alleging the same causes of action.

## II. Law and Argument

### A. Motion to Dismiss Roicy Duhon Animal Shelter

RDAS has been sued in its capacity as "a Department and/or Division of the Lafayette Consolidated Government." RDAS seeks dismissal of plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; therefore this Court must limit its review to the facts alleged in the Complaint. Rule 12(b)(6) states:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim,

---

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2004). The Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued. See e.g., Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991).

Thus, this Court will address defendant's motion to dismiss, pursuant to Rule 12(b), based on a lack of capacity to be sued.

counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted, . . . .

Fed.R. Civ.P. 12(b)(6).

A motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiffs' rights to relief based upon those facts." *Tel-Phonic Services, Inc. v. TBS International, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). "The plaintiffs' complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).

"The capacity of an entity to sue or be sued 'shall be determined by the law of the state in which the district court is held.'" *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991), citing Fed. R. Civ. P. 17(b).[2] Thus, this Court will look to Louisiana law to determine whether RDAS is an entity capable of being sued.

Louisiana Civil Code Article 24 provides:

---

[2] Rule 17(b) states:

**(b) Capacity to Sue or be Sued.** The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C., Sections 754 and 959(a).

> There are two kinds of persons: natural persons and juridical persons.
>
> A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or partnership. The personality of a juridical person is distinct from that of its members.

La.Civ.C.Art. 24.

The law grants juridical persons "the power to participate in legal life by the attribution of legal personality." *Brown v. State Farm Fire & Cas. Co.*, 804 So.2d 41, 45 (La.App. 1st Cir. 2001)(citing Prof. A.N. Yiannopoulos, *Louisiana Civil Law System* § 48 (1977)). "While 'natural persons' enjoy general legal capacity to have rights and duties, "a 'juridical person,' conversely, as a creature of the law and by definition, has no more legal capacity than the law allows." *Brown*, 804 So. 2d at 45, (citing Yiannopoulos at § 53).

This Court's independent research has not found a Louisiana Supreme Court case (or a federal Fifth Circuit case) ruling whether any Louisiana animal shelter (and more particularly, the Roicy Duhon Animal Shelter) is a juridical person that can sue or be sued. However, the Louisiana Supreme Court has set forth the analysis to be used to determine whether juridical persons in general may be sued. *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341 (La. 1994). In *Roberts*, the court stated:

> The determination that must be made in each case is whether the entity can appropriately be regarded as an additional or separate government unit for the particular purpose at issue. *In the absence of positive law to the contrary*, a local government unit *may* be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. *Id.* at 346-47 (emphasis added).

The *Roberts* Court focused its analysis on the independent management, financing, and operations of the Sewerage and Water Board, and ultimately concluded the board was an entity

capable of being sued. *Id.* at 352.

In this matter, defendants cite *City Counsel of City of Lafayette v. Bowen*, 94-548 (La. App. 3 Cir. 11/2/94), 649 So.2d 611, to support their assertion that RDAS is not a juridical entity and is, therefore, incapable of being sued. In *Bowen*, the Lafayette City Council filed suit against the Mayor of Lafayette (now titled the "President of the Lafayette City-Parish Consolidated Government"), alleging the illegitimate use of city funds. *Id.* at 612. At issue was whether or not the City Council was a juridical entity with the capacity to sue or be sued. *Id.* at 613. The Court noted the City of Lafayette was governed by a Home Rule Charter, authorized by Article VI, Section 4 of the Louisiana Constitution of 1974. *Id.* at 615. The Court stated:

> The City Council is the legislative branch and governing authority of the City of Lafayette. As such, it is vested with all powers of the city except those which are otherwise provided by law or by the Charter. However, it is not "an additional and separate government unit" with the power to institute litigation on its own behalf. The City Council is a branch or part of the greater corporate body politic or juridical entity, the City of Lafayette. The Charter (organic law), which clearly grants the City Council broad powers, restricts the City Council's legal capacity to exercise such powers by establishing it as the legislative branch of the city government. In this capacity, the City Council may only exercise its powers as an agency or division of the greater city government.

*Id.* at 616. Defendants also cite this Court's decision in *Batiste v. Bonin, et al*, Civil Action No. 06-1352, wherein this Court ruled that the Lafayette Police Department and its Chief of Police do not have the legal capacity to be sued. *See also Dugas v. City of Breaux Bridge Police Department*, 757 So.2d 741 (La.App. 3d Cir. 2000) (Breaux Bridge Police Department was not a juridical entity separate and distinct from the city and could not be sued).

In the instant case, defendants have attached a copy of the Lafayette Home Rule Charter to their supplemental memorandum in support of their motion to dismiss. [Doc. 17]. Article IV of the

Charter shows that the operations of RDAS fall under the ambit of authority of the Lafayette Police Department, which is the entity charged with enforcing the ordinances of LCG. (Exhibit F, Part I, Article IV. Section 4-13, Excerpts of Lafayette Consolidated Government Charter).[3] Section 4-01A of Article IV further states that all departments, offices and agencies are under the direction and supervision of the President, and the directors of all departments are appointed by and serve at the pleasure of the President. (Exhibit F). Article III of the Charter states that the Lafayette Police Department is entirely under the direction and supervision of the President of LCG. (Exhibit G, Part I, Article III, Section 3-09A) (the President may appoint, suspend or remove all City-Parish Government employees; the President shall direct and supervise the administration of all departments, offices and agencies of the City-Parish Government).

Pursuant to the Charter, the Lafayette animal control supervisor is appointed by the City-Parish President. (Exhibit H, Part II, Section 10-34). LCG regulates the animal control activities within the Parish. (Exhibit I, LCG Ordinances, Part II, Article III, Section 10). Furthermore, the Charter provides for the creation of the Animal Control Center Advisory Board, but this board, by definition, is advisory only and has no administrative or legislative authority. (Exhibit H, Part II, Article II, Section 10-31 et seq. and Exhibit J, Article VII, Section 7-06).

Considering the foregoing, this Court finds that RDAS does not have the legal capacity to function independently, but rather functions as the agency or division of the Lafayette Consolidated

---

[3] Because the Court has not been provided with the entire Home Rule Charter, it is somewhat unclear to the Court whether the references to the Charter are actually references to the Charter itself or to City's municipal ordinances. This distinction may be immaterial, however, as it appears that the Charter is available as both a stand-alone document (the "Home Rule Charter for the Lafayette City-Parish Consolidated Government (3rd Printing September 2005") and as a part of the Lafayette City-Parish Consolidated Government Code of Ordinances, which is published by the Municipal Code Corporation. Given that the plaintiffs have not opposed the references to either the Charter or the Lafayette Municipal Code, and further considering that all of the Charter provisions and/or municipal regulations have been accurately set forth by the defendants, this Court does not raise as an issue regarding whether the referenced portions of either are properly cited to either the Charter or the Municipal Code.

Government. As such, RDAS is not a juridical entity susceptible of being sued. Considering the foregoing, plaintiffs are not entitled to any relief against RDAS under the legal theories they allege herein. Accordingly, RDAS's Motion to Dismiss [Doc. 5] is GRANTED.

B. **Motion to Abstain, Stay, or Dismiss**

Defendants move for this Court to abstain, stay, or dismiss the plaintiffs' Complaint against under Rule 12(b)(1) and the principles set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). This Court concludes that an analysis of the *Colorado River* factors is premature and unnecessary at this time. Considering that the plaintiffs have filed an identical parallel state court action alleging the same claims against the same defendants as have been alleged herein, this Court concludes that a stay of the instant case is appropriate pending resolution of the parallel state court action.

Considering the foregoing, this case is STAYED and ADMINISTRATIVELY CLOSED pending resolution of the parallel state court action. Counsel for the defendants shall contact this Court within fifteen days following resolution of the state court action in order to reopen this case. All remaining requests for relief in defendants' pending Motions to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) are DEFERRED until the case is reopened.

THUS DONE AND SIGNED this 3 day of October, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

-7-