UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **W THOMAS ANGERS** | **CASE NO. 6:07-CV-00949** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LAFAYETTE ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a MOTION TO REMOVE, REDACT AND ELIMINATE STATE COURT SEALED RECORD OR ALTERNATIVELY TO SEAL RECORD filed by Plaintiff W. Thomas Angers. (Rec. Doc. 36). The motion refers to a May 31, 2011 letter agreement ostensibly settling a matter pending in state court attached as Exhibit 1 to Defendant Lafayette Consolidated Government's reply (Rec. Doc. 34) filed in response to Angers' opposition (Rec. Doc. 32) to Defendant's pending Motion to Dismiss (Rec. Doc. 22), which is currently pending before the undersigned. The Court did not issue a Notice of Motion Setting for the instant motion, and Defendant did not file a response within 14 days pursuant to Local Rule 7.4. The motion does not contain a memorandum as required by Local Rule 7.1 nor is the motion one for which a memorandum is not required as permitted by Local Rule 7.2.

The motion asserts that Defendant's attachment of the letter agreement referenced above violates a state court judgment signed on April 19, 2024—**13 years later**—issued in one of multiple related suits and requests "an order immediately removing, redacting and eliminating said document or alternatively sealing the document at issue. . . ." (Rec. Doc. 36 at 2). Angers merely asserts that the letter must be removed, suggesting that the state court's order is binding on this Court. The allegedly operative order is not attached to the motion but is merely quoted.

Angers cites no authority establishing that the language contained in the subject state court judgment is binding on this Court.[1] Further, the letter agreement references this case, suggesting that it has possible preclusive effect on the continued viability of this case. In addition, the motion does not provide sufficient facts or argument such that this Court can balance the public's common law right of access against the interests favoring nondisclosure. *See generally Doe v. Crawford*, 702 F. Supp. 3d 509, 512 (S.D. Miss. 2023). This is especially so here given that the state court suits and the suit pending in this Court pertain to allegedly tortious actions and inactions by public entities.

For the reasons state above, the MOTION TO REMOVE, REDACT AND ELIMINATE STATE COURT SEALED RECORD OR ALTERNATIVELY TO SEAL RECORD (Rec. Doc. 36) is DENIED.

Signed at Lafayette, Louisiana this 26th day of November, 2024.

David J. Ayo
United States Magistrate Judge

---

[1] Even assuming, *arguendo*, that the sealing of the letter agreement was proper, it is highly unlikely that it would remain so if its production were requested. *See Times Picayune Publ'g Corp. v. Bd. of Supervisors of La. State Univ.*, 845 So. 2d 599 (La. App. 1 Cir. 2003) (finding records relating to settlement between LSU School of Dentistry and defendants in dental malpractice case were public records to which access could have been denied only if the Louisiana Public Records Act, La. R.S. § 44:1 *et seq.*, specifically and unequivocally provided for denial of access).