UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| W THOMAS ANGERS | CASE NO.  07-CV-949 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LAFAYETTE ET AL | MAG. JUDGE DAVID J. AYO |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment [Doc. No. 39] filed by Defendant, Lafayette Consolidated Government ("LCG"). Plaintiffs, Winston Thomas Angers, individually, and on behalf of the minor, Austen John Angers, (collectively "Plaintiffs") filed an Opposition [Doc. No. 42], and LCG filed a Reply [Doc. No. 44].

For the reasons set forth below, LCG's Motion is **GRANTED**.

### I. FACTS AND PROCEDURAL BACKGROUND

This case involves the alleged euthanization of Plaintiffs' pet cat, Mimi, by the LCG animal control shelter on or around June 7, 2006. Plaintiffs filed a state court suit on June 4, 2007.  During the pendency of the state court suit, Plaintiffs filed the current parallel federal action on June 5, 2007, which was stayed pending resolution of the state court matter.[1] In June 2008, LCG filed a motion for partial summary judgment seeking dismissal of Plaintiffs' § 1983 and injunctive claims in the 15th Judicial District Court in Lafayette Parish.[2] That motion for partial summary judgment was granted.[3] Defendants filed another motion for summary judgment that sought to dismiss the remaining state law claims and essentially dispose of all claims at issue in the state court matter.[4]

---

[1] [Doc. Nos. 1; 20].
[2] [Doc. No. 34-2; 39-4].
[3] [Id.].
[4] [Doc. No. 34-3].

1

That motion for summary judgment was also granted.[5] Plaintiffs filed a notice of appeal but failed to pay the costs.[6] An order of abandonment was signed by 15th JDC District Judge Michele Billeaud on or about February 5, 2024.[7]

The stay was lifted by this Court on May 23, 2024.[8] Defendant filed a motion to dismiss on several grounds including *res judicata*.[9] The Court found that the motion to dismiss lacked evidentiary support showing that the state court dismissed all claims because LCG failed to attach the state court judgment to its motion.[10] LCG has now provided the judgments and reasserts that dismissal should be granted pursuant to *res judicata*.

The issues have been briefed, and the Court is prepared to rule.

## II.  LAW & ANALYSIS

### A.  Summary Judgment Standard

A court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (cleaned up). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). So "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement."

---

[5] [Id.].
[6] [Doc. No. 22-4].
[7] [Doc. No. 22-7].
[8] [Doc. No. 24].
[9] [Doc. No. 22].
[10] [Doc. No. 38].

*Id*. at 247-48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

When the duty to find the facts lies with the Court rather than a jury, "and there are no issues of witness credibility, the Court may conclude on the basis on the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact." *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978) (cleaned up). This stands true even when the Court's decision rests "on inferences to be drawn from what has been incontrovertibly proved." *Id*. at 1124. In other words, when the evidentiary facts are clear, the Court "may grant summary judgment if trial would not enhance its ability to draw inferences and conclusions." *Id*.

### B. Res Judicata

LCG moves for summary judgment based on *res judicata*.[11] Plaintiffs assert that LCG waived the *res judicata* defense because LCG failed to raise it before the pending Motion.[12]

Under 28 U.S.C. § 1738, federal courts are to give full faith and credit to the judgments of the state courts and this Court is obliged to apply the law of Louisiana to determine the preclusive effect to be given to the Louisiana judgment. The requirements for a finding of *res judicata* under Louisiana law under La. R.S. 13:4231 are as follows: (1) the state court judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue,* 843 So.2d 1049, 1053 (La. 2003).

The Court concludes that all elements of *res judicata* are met. The pleadings, filed just one day apart, are nearly identical. Judge Doherty previously recognized the identicality of the suits

---

[11] [Doc. No. 39-3].
[12] [Doc. No. 42].

3

when she stayed the matter on October 3, 2007.[13] Moreover, upon the Court's independent examination, the identicality between the two matters is evident. Additionally, the state court judgments now offered to this Court disposed of all Plaintiffs' claims currently at issue in this litigation. Therefore, these judgments are valid and final, serving to bar the parallel claims in this matter.[14]

Despite the validity and finality of the state court judgments, Plaintiffs argue that *res judicata* was waived because LCG asserted it for the first time in a motion for summary judgment. LCG correctly argues that *res judicata* has not been waived because the matter was stayed on October 3, 2007, and now that the matter has been lifted, LCG has apprised Plaintiffs of the argument at the earliest stage possible. *See United States v. Shanbaum*, 10 F.3d 305, 312 (5th Cir. 1994). Moreover, the timing of LCG's assertion of *res judicata* in a motion for summary judgment is inconsequential as courts have held under certain circumstances that there is no "unfair surprise" where *res judicata* is raised for the first time on summary judgment or as late as a trial brief. *See Shanbaum*, 10 F.3d at 312 (trial brief); *see also Nelson v. AMX Corp.,* Civ. No. 3:041350-H, 2005 WL 2495343, at *7 (N.D. Tex. Sept. 22, 2005) (summary judgment).

Lastly, Plaintiffs argue that this matter was settled pursuant to a letter agreement in 2012.[15] LCG states that while the parties signed a letter agreement, the formal settlement documents were never agreed upon nor signed.[16] Although Plaintiffs have not demonstrated the relevance of this to the *res judicata* claims, the settlement agreement has likely expired due to the passage of ten years. Contracts are personal actions subject to a prescriptive period of ten years. La. Civ. Code Art. 3499; *Sanders v. Green*, 415 F.Supp.3d 717 (W.D. La. 2019); *Napoleon v. Shows, Cali & Walsh,*

---

[13] [Doc. No. 20, p. 7].
[14] [Doc. Nos. 34-6; 39-4]
[15] [Doc. No. 42, p. 4].
[16] [Doc. No. 44, p. 4].

*LLP*, 573 F.Supp.3d 1063 (E.D. La. 2021), *certificate of appealability denied,* 2022 WL 721560; and *State v. Zanders*, 339 So.3d 1194, 2021-0336 (La. App. 1st Cir. 12/22/21). In any event, no dismissal was filed, and the state court entered an order of abandonment in 2024. Thus, even if the parties agreed to a settlement over ten years ago, the case, including the purported settlement, has been deemed abandoned.

Therefore, LCG's Motion is **GRANTED.** All pending motions are now deemed **MOOT**.

### III. CONCLUSION

For the reasons stated above, LCG's Motion [Doc. No. 39] is **GRANTED**. All claims of Plaintiffs against LCG are accordingly **DISMISSED WITH PREJUDICE**.

**MONROE, LOUISIANA**, this 22nd day of May, 2025.

_____
Terry A. Doughty
United States District Judge